# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CARRIE TEAGER, et al.,** | ) | |
| **Plaintiffs,** | ) | **Case No. 13 C 2396** |
| | ) | |
| **v.** | ) | **Judge Joan B. Gottschall** |
| | ) | |
| **AUDUBON FINANCIAL BUREAU, LLC,** | ) | |
| **et al.,** | ) | |
| **Defendants.** | ) | |

## ORDER

The plaintiffs' petition seeking $4,590.00 in fees and $482.46 in costs, Audubon Financial's response, and the plaintiffs' reply are before the court. For the reasons set forth in this order, the court reduces the fees sought by the plaintiffs by $1,735. As this is the sole remaining issue, the clerk is directed to terminate this case from the court's docket.

## STATEMENT

In this Fair Debt Collection Practices Act case, the plaintiffs filed a notice indicating that they accepted an offer of judgment in the amount of $1,200 against Audubon Financial and any of its current or former employees arising from the incident described in the complaint, plus attorneys' fees and costs. The plaintiffs filed a petition seeking $4,590.00 in fees and $482.46 in costs. Audubon Financial has objected to some of the fees and costs requested by the plaintiffs' counsel.

### *Fees and Costs Post-Dating the Offer of Judgment*

Audubon Financial challenges fees for work performed by the plaintiffs' counsel after the offer of judgment was made. The plaintiffs' counsel did not respond to this objection. Moreover, some of the work relates to a defendant other than Audubon Financial. The court thus reduces the plaintiffs' fee request by $240 (work performed on 7/18/2013) + $120 (work performed on 7/23/2013) + $750 (work performed on 7/29/2013) + $90 (work performed on 7/30/3013), for a total of $1,200.

Audubon Financial also objects to an invoice for $67.46 dated July 23, 2013, contending that it post-dates the offer of judgment. As noted by the plaintiffs, the date that the work took places pre-dates the offer of judgment. Thus, this objection is overruled.

### *Administrative and Clerical Work*

Audubon Financial does not object to the rate of $300/hour for the plaintiffs' counsel. It does, however, object to paying $300/hour for work that it characterizes as administrative or

clerical.  Specifically, it quotes selectively from counsel's billing statement and then suggests that the court reduce the plaintiffs' fees for administrative or clerical work by 50%.  For example, the 2/22/2013 entry reads in full, "Reviewed file.  Transcribed recording [of the phone call that is the basis of this suit].  Prepared, reviewed, revised, finalized, and mailed draft complaint and pre-suit letter."  Dkt. 19-1, PageID#42.  Audubon Financial lists this entry as "Transcribed recording . . . . mailed draft complaint" and asserts that these tasks should not be compensated using an attorney's rate.  The plaintiffs' counsel asserts that he should receive his full rate as he "can perform the identified duties at least 50% more efficiently and effectively than having another person do them."  Dkt. 22-1, at PageID#82.

The court does not believe that the law degree and legal experience of plaintiffs' counsel enables him to complete administrative work such as scanning and e-filing faster than a non-attorney.  Indeed, it is likely that an experienced administrative professional who has devoted his or her career to these types of tasks would be able to perform them more efficiently.  Regardless, the court has reviewed the billing statement, which includes entries totaling $2,250.00 for work that is all or partially administrative or clerical.  The billing statement does not separate out the administrative work from legal tasks.  The non-legal work comprises approximately 1/3 of the $2,250.00, or $750.  The court will reduce this amount by 50%, as requested by Audubon Financial, for a total reduction of $375.

*Inadequately Described Work*

Six entries include the phrase "reviewed file."  Audubon Financial asks the court to reduce the fees associated with these entries by 50% because this was a straightforward case so there was no need to review the file repeatedly.  The entries at issue all include descriptions for other work, and the amounts sought are reasonable based on that work.  Counsel appears to have included the phrase "reviewed file" to indicate that he refreshed his recollection as to which case this was prior to performing work.  This is acceptable so Audubon Financial's objection is overruled.

*Reviewing/Responding to Voicemails and Emails*

Next, Audubon Financial objects to many of the entries requesting .10/hour (6 minutes, which costs $30) to review email and voicemail message received by counsel.  It also notes that plaintiff's counsel always charges at least .10/hour to compose an email, regardless of the length or complexity.  Audubon Financial suggests that plaintiff's counsel receive $10 per email or voicemail.  The court agrees that many of the 6 minute entries associated with reviewing emails are unreasonable.  For example, it cannot possibly take 6 minutes to review an ECF notice generated by the court's docketing system that confirms that summonses were issued, or an ECF notice indicating that the case was assigned to this court.

There are 8 entries for $30 associated with reading short ECF notices of this type.  The plaintiff's counsel is a solo practitioner who must deal with his own email.  Nevertheless, 6 minutes to open, peruse, and then place the emails containing the contested ECF notices into an

email folder is excessive. This is especially true given counsel's representations about his ability to perform administrative tasks 50% faster than a non-lawyer. Thus, the fees requested by the plaintiff's counsel for reading short, administrative ECF notices are reduced from $240 (8 x $30) to $80 (8 x $10).

With respect to time spent reading and responding to emails, Audubon Financial attaches several short emails and contends that plaintiff's counsel took too long to compose or review them. The court disagrees. It has reviewed the exemplar emails from Audubon Financial and the counsel's billing statement. Counsel is entitled to take 6 minutes to either read or write an email and reflect on the content. Audubon Financial's objections to the fees for emails are thus overruled.

Accordingly, the court reduces the fees sought by the plaintiffs by $1,735.

Date:  August 13, 2013                    _____/s/_____
                                          Joan B. Gottschall
                                          United States District Judge